CHICAGO—FIRST DISTRICT—MARCH, 1915.    157

Reynolds v. John Brod Chemical Co. et al., 192 Ill. App. 157.

## Guy B. Reynolds, Administrator, Defendant in Error, v. John Brod Chemical Company and John Brod, Plaintiffs in Error.

### Gen. No. 20,002.

1. NEGLIGENCE, § 23*—*what sufficient to constitute person on premises an invitee.* Where the evidence shows that a practitioner, by arrangement with a drug company, used the company's store as a waiting room for patients desiring to see him, a patient using the store for such a purpose is an invitee both as to the drug company and the practitioner and is on the same footing as though he were there for a purpose connected with the drug company's business.

2. NEGLIGENCE, § 24*—*what care owed to invitee.* Where by an arrangement between a practitioner and a drug company, the company's store was used as a waiting room for the practitioner's patients, the drug company and the practitioner are required to exercise reasonable care for a patient's safety, not only while she is waiting in the drug store, but also while she is going to the toilet connected with the premises.

3. NEGLIGENCE, § 198*—*when contributory negligence a question for jury.* In an action for personal injuries there was evidence that a drug store owned by a drug company, one of the defendants, was used under an arrangement with a practitioner, the other defendant, as a waiting room for the latter's patients; that plaintiff, a patient, while waiting to see the practitioner, desired to use the toilet; that she asked one of the clerks if there was a toilet there and he responded affirmatively and indicated the way; that, following his direction, she went out into an areaway from which the toilet door opened; that the areaway was unlighted and that the door of the toilet room, which contained a light, was closed; that, being unable to open the toilet door, she turned in the opposite direction and fell down a stairway and received the injuries complained of. It was *held* that the question of plaintiff's contributory negligence was for the jury.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EDWIN H. CASSELS, FRANCIS ADAMS, JR., and KENNETH B. HAWKINS, for plaintiffs in error.

CHARLES O'DONNELL, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought to reverse a judgment of one thousand dollars rendered September 20, 1913, by the Municipal Court of Chicago in favor of Mary E. V. Cunningham and against the John Brod Chemical Company, a corporation, and John Brod.

After the defendants sued out this writ of error Mary E. V. Cunningham died and the administrator of her estate has been duly substituted as the defendant in error.

The judgment was rendered on the verdict of a jury. The action was one for personal injuries.

The facts which the evidence for the plaintiff tended to prove were these: The John Brod Chemical Company occupied the ground floor at 1758 West North avenue as a retail drug store. It also occupied the ground floor of No. 1754 (which was next east) as an office. Above the office at 1754 on the second floor, John Brod, who was president of the John Brod Chemical Company, had a suite of offices. Whether or not on October 9, 1912 (which, although there is a little uncertainty in the evidence about it, appears to have been the date of the accident), he had a waiting room on the second floor connected with his offices is left somewhat doubtful by his own testimony. He said that he had such a waiting room on the second floor when he was testifying, which was September 11, 1913, but on cross-examination he said that whether he had a waiting room on October 9, 1912, he did not know, he could not remember.

It is, in our opinion, immaterial. The evidence showed without dispute that it was customary for persons who wished to see Mr. Brod for treatment to come to the drug store and ask for him; that it was customary for them to be told by the attendants of the drug store to wait there until he was ready for them; that he had a buzzer connecting with the drug store or so arranged that it could be heard in the drug store; that he sounded this buzzer when he was ready for a patient waiting in the drug store and that the patient would then be sent up to him by the attendant in the drug store. This arrangement made the drug store of the John Brod Chemical Company the waiting room of John Brod for his patients, and as it was one which to exist must have been acquiesced in and carried out by both parties, it made, in our opinion, both parties inviters of those members of the public who had business as patients with Mr. Brod to occupy the drug store temporarily, and imposed upon both such duties towards such visitors as one in occupancy or control of premises owes to persons present by his implied invitation, —that is, such duties as he owes to one who is "there for a purpose connected with the business in which the owner of the premises is engaged or which he permits to be carried on," to quote the language of the Supreme Court of Illinois. *Pauckner v. Wakem,* 231 Ill. 276, 279; *Purtell v. Philadelphia & R. Coal & Iron Co.,* 256 Ill. 110, 114.

On or about October 9, 1912, between nine and ten o'clock in the forenoon, Mrs. Cunningham, the plaintiff, called at the drug store for the purpose of being treated by Brod. When she came into the store she asked the clerk in charge for "Dr. Brod;" he told her that Dr. Brod was in and told her to take a seat, which she did. After she had been there for a considerable time she asked the clerk if there was a "dressing" room or "toilet" room there. He told her there was and indicated the way to it. Mrs. Cunningham testi-

fied he said, "Yes, just go around the corner." She
went in the direction indicated through a door in the
east side of the drug store leading on to an areaway
or landing three and a half feet square. Opposite the
entrance door was a blank wall, to the left was a second
door leading to a toilet room. There was no light on
the landing or areaway, but a gas jet burning in
the toilet room. To the right was an opening leading
down a stairway. There is some conflict in the testi-
mony as to the degree of light on the landing place,
and some evidence for the defendant that the toilet
room door was not closed, as plaintiff testified. But
there was evidence proper for the jury to consider,
and which it was at liberty to believe, that the toilet
room door was closed, that the small areaway was
dark and that the stairway leading from the opening
at the right to the basement was steep. The plaintiff
did not get into the toilet room. After going through
the entrance door to the landing, she says she could
not open "the second door." She turned and fell
down the stairs to the right, opposite the toilet room
door, and was severely injured, so that she was many
weeks in hospitals. She sued the defendants and re-
covered the judgment before described. The defend-
ants maintain that this judgment and the verdict on
which it is founded were unwarranted, first, because
the plaintiff was a mere licensee in the drug store. She
was not, they say, the invited guest of either of them—
still less of both. We have already indicated that we
do not agree with the defendants' contention on this
point.

The defendants say, secondly, that even if the plain-
tiff could be considered invited by the defendants to
use the main drug store, she could not be so considered
invited to use the toilet distinct and apart from the
main store; that as to the landing or areaway from
which she fell she must be deemed a mere licensee.

Counsel have noted cases from other jurisdictions

to sustain this view, and have ingeniously endeavored to distinguish certain cases in this State which have been cited against it.   We think, however, that they have not succeeded, and that following the reasoning and the decision in *John Spry Lumber Co. v. Duggan,* 182 Ill. 218, as the Branch Appellate Court did in the opinion in *Wakem v. Pauckner* (not reported), No. 13,176, filed June 14, 1907, and as the Supreme Court did in affirming that decision (*Pauckner v. Wakem,* 231 Ill. 276), we must hold that the defendants were obligated to exercise reasonable care for plaintiff's safety while upon the premises which they used under their joint arrangement, even though the precise part of the premises were only used by the plaintiff because of "a call of nature."

Finally, the defendants contend that no negligence on their part was shown whether plaintiff be regarded as a person invited to their premises or not, and that she was at least guilty of contributory negligence which resulted in her fall.   The question raised by these propositions we think were for the jury.

There was evidence, in our opinion proper for the jury to consider, sufficient to warrant their verdict.

We do not think that the trial judge's oral instructions are subject to the criticism made of them even if the defendants were in a position to object to them, which we do not think they are.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*