Inga Coken, Appellee, v. Roy C. Peterson, Appellant.

Gen. No. 44,986.

Opinion filed May 3, 1950. Released for publication May 23, 1950.

VOGEL & BUNGE, of Chicago, for appellants; L. H. VOGEL, GEORGE C. BUNGE, and MICHAEL J. THUMA, all of Chicago, of counsel.

DALE, LYTTON, HAFFNER & GROW, of Chicago, for appellee; JOHN M. MURTAUGH, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action with verdict and judgment for $3,500.00 in favor of plaintiff. Defendant has appealed.

Plaintiff about 11:00 P. M. on November 2, 1945, went to a tavern owned by defendant in Chicago. She was sixty-five years old at the time. She sat at the bar and had a glass and a half of beer. She then left the bar intending to go to the ladies' washroom, walked to a swinging door in the east wall, pushed it open, and walked through the doorway. The door swung back leaving her in a 4' x 4' vestibule from which one door opened east into a kitchen, in the rear of the premises next door, and another opened south to steps leading to the basement. The light in the doorway was not lit and in the darkness plaintiff reached up feeling for a cord to pull the light switch. While

searching for the cord, she stepped backward, fell down the basement steps, and suffered the injuries for which she claims damages.

Defendant contends the trial court should have granted his motion for judgment notwithstanding the verdict because the proof shows the plaintiff was a mere licensee and does not show wilful and wanton conduct on his part and in any event shows lack of due care on the part of plaintiff and does not show negligence on his part. He contends also that a new trial should have been granted for error in instructing the jury and for prejudicial argument by plaintiff's attorney.

The tavern, located on the north side of Division street facing south, was acquired by defendant in 1940. It was twenty-five feet wide and about sixty-five feet deep, with an approximately fifty foot bar along the west side. Plaintiff had been in the tavern several times before the night of the accident. The last time prior to the accident was several months before. At that time there was one washroom, serving both men and women, located in the northeast corner of the tavern. North of this were a couple of booths or settees, next a small table for a "26" game, next the door in the east wall, and between it and the front of the tavern more booths. The door in the east wall was solid wood and moved on hinges against a door stop. It did not lead to the kitchen. A small kitchen, at that time, was in the rear of the tavern.

The physical arrangement of the tavern was changed in the interim between plaintiff's last visit and the night of the accident. The kitchen was moved from the rear of the tavern. A ladies' washroom was installed immediately adjoining, on the south, the washroom in the northeast corner which had been converted for men. Both of the washrooms were appropriately marked. The door in the east wall had been changed to a swinging door with an 8" x 10" trans-

parent glass in the upper south half. There was one 100 Watt light in the front and rear of the ceiling of the tavern. The booths were lit by 40 Watt lamps and over the "26" game table was a shaded light. The booths toward the northeast corner were three feet six inches high, the door to the ladies' washroom, six feet eight inches high.

■ The night of the accident plaintiff's seat at the bar was almost directly opposite the swinging door. She had observed some changes in the premises. She testified that on previous occasions she had known of the one washroom serving both men and women; that on her previous visit she saw a workman making measurements north of and near the swinging door; that upon inquiry she was told by defendant that he was going to build a ladies' washroom; that while seated at the bar the night of the accident she observed several women using the swinging door; and that she then walked through the swinging door with the results already stated. This is the evidence favorable to plaintiff from which we should draw the legal inferences most strongly in her favor in determining the contention that judgment notwithstanding the verdict should have been given for defendant.

Defendant in this court has conceded that plaintiff was an invitee in the tavern on the night of the accident and that use of a toilet was reasonably embraced in the implied invitation. He contends however plaintiff was a licensee or trespasser after walking through the swinging door. The cases cited by him to this contention are not applicable because of different facts. In *Brett v. Century Petroleums, Inc.*, 302 Ill. App. 99, plaintiff continued walking in "utter darkness" until she fell into a garage grease pit. In *Wesbrock v. Colby, Inc.*, 315 Ill. App. 494, plaintiff was in a dark hall, came out into the lighted store, and went back into the dark hall which led to her injury. In *Van Ulm v. Berrington, et al.*, 337 Ill. App. 291, plaintiff was not

watching while walking and fell into a trap door from which the bright light of the basement shone. In *Hart v. Sullivan,* 324 Ill. App. 243, plaintiff decedent in "utter" darkness walked across a landing and through a door leading to the basement. In none of these cases was there a question of a mistake in choosing a washroom door. That is true also of *Pauckner v. Wakem,* 231 Ill. 276, not needed on the law because of defendant's concessions, and *Reynolds v. Brod,* 192 Ill. App. 157, cited by plaintiff.

 Whether plaintiff was an invitee beyond the swinging door depends upon whether defendant might reasonably anticipate that she might use the door in search of the washroom. *Morris v. Granato, et al.,* 133 Conn. 295. If she was an invitee, then defendant had the duty to exercise reasonable care for her safety. The more precise question is whether defendant should have anticipated that plaintiff, in view of her observation of the workman measuring and defendant's statement on her previous visit, would make the mistake of believing the swinging door led to the washroom. *Montgomery v. Allis-Chalmers Mfg. Co.,* 164 S. W. 2d (Tex.) 557; 38 Amer. Juris. 796. We think that the question on the evidence and legal inferences, both favorable to the plaintiff, was for the jury, because we believe reasonable men could differ in their answers to that question. There is no merit to defendant's contention that he should have had judgment notwithstanding the verdict for the plaintiff.

 Defendant contends that plaintiff was guilty of negligence as a matter of law in not going back into the tavern from the darkness and inquiring where the washroom was. The *Wesbrock, Van Ulm,* and *Hart* cases do not support defendant's contention for the same reason that they did not support his previous contention. In *Sauter v. Hinde, et al.,* 183 Ill. App. 413, the facts supported the conclusion that plaintiff was guilty of negligence as a matter of law. Plaintiff

in the instant case, finding herself in darkness, did not go forward in search of the washroom but reached up and about for a light cord, stepped backwards, and fell down the stairs. We think it was for the jury to determine whether under these circumstances her mistaken belief in using the swinging door and her actions after the door swung to were those of a reasonably prudent person. We have read the several cases from foreign jurisdictions and have found none inconsistent with our conclusion. Because of the different factual situations, we deem it useless to cite them. That plaintiff did not ask for directions, had used the washroom in the northeast corner on a previous occasion, and that the swinging door had a glass panel were matters of defense.

██ There is no merit in defendant's contentions that the trial court committed prejudicial error in giving plaintiff's instruction #3, refusing defendant's instruction #1, or that the argument of plaintiff's attorney to the jury prejudiced defendant. Instruction #3 is not proper but it is not directory and it is cured by defendant's given instructions #4 and #9, the latter a directory instruction. The failure of the court to give defendant's instruction #1 was not prejudicially erroneous because defendant's given instructions #5, #7, and #9 adequately presented to the jury the requirement on plaintiff as to the exercise of care. While none of these required using her faculties in looking out for danger, instruction #9 contains the requirement of using "care and caution" and was directory. We think that plaintiff's argument to the jury had no more effect in contrasting the financial position of plaintiff and defendant than did the evidence.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Burke, J., concur.