Cliftona Larson, Plaintiff-Appellee, v. Illinois Central Railroad Company, Defendant-Appellant.

Gen. No. 10,720.

Opinion filed March 26, 1954. Rehearing denied May 4, 1954. Released for publication May 4, 1954.

WELSH & WELSH, of Rockford, JOSEPH H. WRIGHT and H. J. DEANY, of Chicago, for appellant; C. K. WELSH, of Rockford, JOSEPH H. WRIGHT and H. J. DEANY, of Chicago, of counsel.

L. W. MENZIMER, and DALE F. CONDE, both of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Cliftona Larson procured a judgment for $10,000 in the circuit court of Winnebago county, against the Illinois Central Railroad Company for damages she alleged she sustained through the negligence of the railroad company. She charged in her complaint that she went to the Illinois Central Railroad Company depot in the City of Rockford, Illinois, with the intention of buying a ticket to go from Rockford to Chicago, Illinois, on the defendant's railroad; that she was walking along the side of the defendant's depot and stepped off of a step in the sidewalk and was severely injured. She charged it was through the negligence of the defendant in allowing this walk to remain in such a dangerous condition that she was injured and that she was in the exercise of ordinary care for her own safety at the time. The railroad company has perfected an appeal from this judgment.

103

The appellant does not claim that there is any error committed by the court in the admission of evidence, or in given instructions, nor that there is any question in regard to the pleading, but claims it is wholly a question of fact, and that the jury was wrong when it found the issues in favor of the plaintiff, and that the court erred in rendering judgment on the verdict.

The appellant has two theories in the case in which it claims the judgment is erroneous. First, that if conceding that the plaintiff was an invitee of the railroad company, she was guilty of contributory negligence, and the court erred in not directing a verdict in favor of the railroad company. Second, that if she was an invitee at the time that she arrived on the railroad property, that her actions show that she had ceased to be an invitee and became a licensee, and the only duty it owed to her was to not to wilfully and wantonly injure her.

The evidence shows that the plaintiff arrived in a taxicab at defendant's depot at about twenty minutes to six the morning of November 15, 1950; that she intended to buy a ticket and become a passenger on defendant's train to Chicago, which was scheduled to leave at six o'clock a. m. The defendant's railroad tracks run in an easterly and westerly direction and the depot is located on the north side thereof. There are two doors on the north side and two doors on the south side of the depot, which are used for the passengers going to and from the depot. There is a brick walk all around the depot. The plaintiff alighted from a cab on the north side of the depot and went up to the north door, to the east. It was dark, but a nice morning and the plaintiff decided she would walk around the depot instead of going into the north waiting rooms, which she said would be warm and stuffy. She turned to the west, walked to a platform on the north side of

the depot to the west, and proceeded walking in a westerly direction along the platform. There was a faint light coming through the windows to the west entrance on the north side. A dim light in the waiting room threw a ray down on the platform, but as she walked westerly, the light began to get dimmer, until she could no longer see. At about this point there was a step, or drop on the walk and she walked off of this and was severely injured. There was a light fixture which was unlighted over the west entrance above the walk from which the plaintiff fell. The plaintiff had been at the depot many times, but did not know the construction of the walk at the time she fell. The other walks around the building are similar to the one on which she fell and injured herself.

■■ The above statement of facts is not disputed. It is contended that under such circumstances as above described, it became a question of law for the trial court to decide, and the court erred in submitting this question to a jury. We cannot agree to this contention, but we think the court properly submitted this question to the jury, and unless we can say that the verdict of the jury is against the manifest weight of the evidence, the judgment must be affirmed.

■ It is insisted by the appellant that when the plaintiff arrived at the north side of the depot, it was her duty to use one or the other of the north doors, instead of attempting to walk around the building to the south side where the trains arrived and departed, and that by her failing to do so, she ceased to be an invitee of the company and became only a licensee, and the railroad company owed her no duty except as to not wilfully and wantonly injure her. This question was squarely presented to the jury, and it found against the defendant on this issue, and we think under the law and the evidence the jury properly so found.

In the early case of *Toledo, W. & W. R. Co. v. Grush,* reported in 67 Ill. 262, an invitee of the railroad company went upon a wooden platform of the railroad company to look after some freight that was to arrive for him. There was a hole in the platform that had been there for several years and the invitee stepped through this hole and was injured. It is claimed in this case that the plaintiff was not an invitee of the railroad company, and therefore not liable. The court there stated: "The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark, and otherwise made safe and convenient for persons lawfully entering therein for the transaction of business."

The appellant relies upon the case of *Briney v. Illinois Cent. R. Co.,* 401 Ill. 181 and *Ellguth v. Blackstone Hotel, Inc.,* 408 Ill. 343. In the first case a young boy who had been assisting somewhat in the operation of the railroad company in throwing switches, was permitted to ride upon the trains for that purpose, but in the particular case the boy hopped on a train unbeknown to the train crew, and was injured. The boy was not in any way performing any duties. The court there held that the railroad company was not liable for any negligence of the company in injuring the boy. In the *Blackstone Hotel* case a man bought from the hotel company some pipe about fifteen feet long, which he was to remove from the building. The pipe was too long to take up on the freight elevator, so he started to go through a tunnel from the Blackstone Hotel proper to a building west. The tunnel was under the control of the Blackstone Company. He was blind in one eye and when he was walking through the tunnel he was struck in the good eye by some object and was

106

totally blinded. It was contended there as here, that although the man was an invitee of the company, he ceased to be such and became a licensee when he went through this tunnel to get the iron pipes. The court sustained a judgment in his favor. The court in the opinion states: "It is frequently a difficult question to decide whether the injured person is a licensee or invitee. The test is said to be whether one goes upon the premises of the owner by invitation to transact business in which the parties are mutually interested, (*Pauckner v. Wakem,* 231 Ill. 276,) or, as we have said in *Purtell v. Philadelphia and Reading Coal and Iron Co.* 256 Ill. 110, 'When a person is upon premises by implied invitation, it means he is there for a purpose connected with the business in which the owner of the premises is engaged or which he permits to be carried on.' It can readily be seen that such tests do not cover all of the circumstances which may arise in different cases, and the facts in each case must necessarily be examined to determine when an invitee ceases to be such and becomes a licensee. We think, however, that when it is clear an invitee steps beyond the bounds of his invitation he does become a licensee."

██ Under the evidence in this case it is uncontradicted that the plaintiff went upon the premises of the defendant for the purpose of purchasing a ticket from Rockford to Chicago for the six o'clock train, so it is our conclusion that she was an invitee of the railroad company, and that the company owed her a high degree of care to see that the company's property was kept in a reasonably safe condition for the people that might come to use their trains.

In the case of *Trust Co. of Chicago v. New York Cent. R. Co.,* 285 Ill. App. 482, a boy fourteen years of age was sent to the station to purchase a ticket for his father to take a trip on the railroad. The boy did

not leave the station by the usual and customary way, but went through a tunnel. As he left the station he took shelter in a shed. While there, a storm came up and the shed collapsed and the boy was injured. He procured a judgment against the railroad company for his injuries, and the railroad company defended on the ground that the boy had ceased to be an invitee of the company, but had become a licensee and they were not guilty of any wanton or wilful misconduct that injured the boy, so they claimed they were not liable. At the close of the plaintiff's evidence, the trial court instructed the jury to find the defendant not guilty. The case was appealed to the Appellate Court and they held that a boy fourteen years of age who went to a railroad station to purchase a ticket for his father, had a right to move about the depot and the premises of the railroad company within reasonable bounds, and was entitled to receive the protection of the company for his safety; that a railroad station is not strictly private property, and persons may resort thereto without permission for the purpose of transacting business with the railroad company, and that a boy after purchasing a ticket for his father at the station, did not leave the station immediately by the street exit, but went to the train platform by means of a tunnel and stairways but took refuge from rain in a shelter shed was still an invitee while in the shelter shed, which collapsed upon him, injuring him, and also entitled him to the protection afforded by law, which requires that premises be kept in a reasonably safe condition for persons of that class, and reversed the case.

In the case of *Coken v. Peterson,* 340 Ill. App. 518, a woman had entered a tavern as an invitee as she was seeking a ladies rest room. She walked through some double doors and saw that it was dark and in attempting to turn on the lights so that she could see, she fell

and injured herself. The tavern owner claimed that she ceased to be an invitee and was a licensee and he was not guilty of any wanton conduct that injured the woman. The court there held that this was a question of fact for the jury to decide, and affirmed the lower court's judgment in finding in favor of the plaintiff.

The plaintiff in the instant case was walking on a brick sidewalk. The sidewalks are constructed for the purpose of people walking upon them and it appears to us that the plaintiff need not have entered the depot at the north doors, but had a right if she cared to, to walk around the depot instead of going through it to get on the side of the depot on which the trains would arrive, and in doing so she was not guilty of any negligence that contributed to, or proximately caused her injuries. The jury has so decided by its verdict, and it is our conclusion that this is not against the manifest weight of the evidence in the case, and the judgment of the trial court should be and is affirmed.

*Judgment affirmed.*

MR. JUSTICE ANDERSON took no part in the consideration or decision of this case.