**Dorothy Jones, Plaintiff-Appellee, v. Granite City Steel Company, Defendant-Appellant.**

Gen. No. 67–93.

Fifth District.
January 20, 1969.

Gordon Burroughs, Burroughs, Simpson & Burroughs, and Leon Scroggins, of Edwardsville, and Emerson Baetz, of Alton, for appellant.

Burton C. Bernard and Joseph R. Davidson, of Granite City, for appellee.

GOLDENHERSH, P. J.
Defendant appeals from the judgment of the Circuit Court of Madison County in the amount of $70,000 en-

tered upon a jury verdict in plaintiff's action for personal injuries.

Plaintiff was employed as a cashier by Clyde Chiles, who operated a cafeteria in a building leased from defendant, and situated in defendant's main plant premises in Granite City.

On the date in question, shortly before 3:00 p. m., plaintiff parked her car in a parking lot outside the main plant premises, walked through the gate, and in a southerly direction to the cafeteria. She entered through a door at the northwest corner of the building. This door was for use by Chiles' employees, and a door located on the south side of the building was used by the customers (principally defendant's employees). There was an area to the west of the building where defendant permitted cars to be parked, but plaintiff did not have a permit to drive inside defendant's main plant.

At 11:00 p. m. plaintiff was "checked out" by her Supervisor, Mrs. Bargiel, Mrs Bargiel's car was parked to the west of the cafeteria building. After checking plaintiff out, she went to her car and waited for plaintiff to join her. Plaintiff was going to ride with her to the lot outside the main gate where her car was parked. Plaintiff testified that this was her usual manner of leaving defendant's premises.

Plaintiff left the building through the employees' door, and started toward Mrs. Bargiel's car. Mrs. Luedtke, the cashier then on duty, called to her from a window on the west side of the building, south of the employees' door. Plaintiff started toward the window, fell in a hole, and was injured. Plaintiff's exhibit 3, a photograph, shows a hole or depression, and an exposed metal pipe, located under a window, and a short distance from the west wall of the building.

Defendant does not seek a new trial, and relying on the contentions hereafter discussed, argues the judgment

should be reversed. Defendant concedes that plaintiff was the invitee of defendant while she was about her job, but contends that she was such invitee only to the extent of the premises which were her place of work, and to the extent of the usual and customary way of getting to and from her work. Defendant argues that the hole into which plaintiff fell was so close to the window-sill as to be "virtually under it," there was not, and had never been, a pathway alongside the building, the hole was 50 feet from the course plaintiff took to leave her place of work, and in the opposite direction from the course she should have followed to leave defendant's premises; that while in the area in which she was injured she was no longer an invitee, and defendant owed her no duty of due care.

Plaintiff testified that no one had ever told her where she should, or should not, walk. Mr. Maupin, manager of the cafeteria, testified that no one acting for defendant had ever told him where to walk, and he had not told plaintiff where to walk. He also stated that he customarily parked his car in the area west of the building, and had, many times, at night, walked near the depression where plaintiff fell.

In Pauckner v. Wakem, 231 Ill 276, 83 NE 202, the Supreme Court held that an invitation to come upon premises must be held broad enough to give the invitee "the protection of the law while lawfully upon that portion of the premises reasonably embraced within the object of his visit." l. c. 282, 83 NE l. c. 205.

The owner owes the duty to exercise reasonable care to keep in a safe condition those portions of the premises within the scope of the invitation, which include those areas which it is necessary or convenient for the invitee to use in the course of the business which is the purpose of the invitation, and those portions of the premises where the presence of the invitee should reasonably be anticipated. Packard v. Kennedy, 4 Ill App2d

177, 124 NE2d 55. When, or whether, an invitee has lost that status is ordinarily a question for the trier of facts. Larson v. Illinois Cent. R. Co., 2 Ill App2d 102, 118 NE2d 886. The owner is under a duty to provide an invitee reasonably safe means of ingress and egress, even when the route chosen is not the customary one, but is one which is allowed by the owner. Packard v. Kennedy (supra).

Defendant argues that the facts are not in dispute, and the issue is one of law, and not of fact. We have examined the authorities cited by defendant in support of this contention (Briney v. Illinois Cent. R. Co., 401 Ill 181, 81 NE2d 866; Brett v. Century Petroleum, Inc., 302 Ill App 99, 23 NE2d 359; Mount Greenwood Cemetery Ass'n v. Hildebrand, 126 Ill App 399; and Jones v. Schmidt, 349 Ill App 336, 110 NE2d 688) and do not find them persuasive. In Briney v. Illinois Cent. R. Co., and Brett v. Century Petroleum, Inc., there was no evidentiary basis for a finding that the defendants should reasonably have expected the plaintiffs to enter upon the portions of the premises where they were injured. Mount Greenwood Cemetery Ass'n v. Hildebrand is so clearly distinguishable on the facts as to require no further comment. In Jones v. Schmidt, the Appellate Court specifically stated that it was a question of fact for the jury to decide whether the invitation was limited to a certain place (page 340).

■ ■ In this case plaintiff's work required her presence in the building leased to her employer. Although there were separate doors for Chiles' employees and the customers who patronized the cafeteria, there is no evidence that plaintiff could not freely, and at will, enter or leave by either door. Upon the evidence adduced it was a fact issue as to whether defendant might reasonably expect that plaintiff would traverse the area to the west of the building to enter the automobile of her fellow employee, talk to someone through the win-

dow, walk around the building, or enter or leave through the customers' door. The invitation extended over the portion of defendant's premises which it might reasonably expect her to enter, and in the absence of an express limitation, cannot be restricted as a matter of law to a runway extending from the north gate of defendant's plant to the northwest door of the cafeteria building. In its instructions, tendered and given, defendant presented the question as one of fact for the jury. There is sufficient evidence to support the verdict, and the trial court properly denied defendant's motions for directed verdict.

Defendant contends that assuming, arguendo, that plaintiff was within the scope of her invitation at the time she suffered the injury, she was guilty of contributory negligence as a matter of law.

Plaintiff testified that when she heard her name called she was 6 or 7 feet from the building, there was light coming through the windows on that side of the building, in the area about 6 feet from the side of the building she could not see what was on the ground. She stated "I was looking in front of me, where I was going, my foot went down in the hole and it got caught."

On cross-examination she testified that she could not see the ground upon which she was walking, she was looking towards the lighted window; she did not see what she fell over.

The cafeteria manager testified that the "device" over which plaintiff fell was about a foot from the building, and there is no path there. He stated further that the area is illuminated, "you could walk around the building without any trouble."

Mrs. Bargiel testified that the inside of the cafeteria is always lighted and it shines out some.

An engineer employed by defendant testified that the area was lighted by a streetlight, turned on and off by sunlight through a photoelectric cell.

█ In our opinion the evidence presented a fact issue for the jury as to whether plaintiff was contributorily negligent. Packard v. Kennedy (supra). Applying the rule of Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, we hold that the trial court correctly submitted this issue to the jury and did not err in denying defendant's post-trial motions.

For the reasons set forth the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.