ORA MACK BOZARTH, Plaintiff-Appellee, *v.* MCGRATH SAND AND GRAVEL COMPANY, Defendant-Appellant.

(No. 70-34; ▮▮▮▮▮▮▮▮▮▮

Third District—July 1, 1971.

ALLOY, P. J., dissenting.

McConnell, Kennedy, McConnell & Morris, of Peoria, for appellant.

Thomas V. Cassidy and Sidney Davidson, both of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an action for personal injury brought by Ora Mack Bozarth, Plaintiff-Appellee, in the Circuit Court of Peoria County against McGrath Sand & Gravel Company, Defendant-Appellant. Judgment for $35,000 was entered on the verdict of a jury in favor of plaintiff. Defendant's post trial motions were denied and this appeal follows.

Plaintiff was a truck driver hauling gravel in a tandem truck from the defendant's plant in Pottstown, Illinois, on the construction site on Interstate 74. The defendant was in the business of selling gravel. The plaintiff had come for a load of gravel and after obtaining a load and while

driving to the weight scale he noticed that some of the power of the truck's motor appeared to be missing. It was necessary for the plaintiff to drive his truck on the scale each time he obtained a load of gravel to determine from the weight difference between when the truck was empty and when it was full, the amount of gravel taken away. In the same connection it was also necessary for the driver when the truck was on the scale to get out of the truck and off the scale.

The scale was a portable truck-weighing scale consisting of two long metal runners on which the wheels of the truck ran. There were I-beams eight inches deep and five and one-half inches wide running perpendicular between these runners. Except for these I-beams which were spaced 33½ inches apart, there was nothing else between the runners and there was a trench about four feet deep running under the I-beams and between the runners. Plaintiff was quite familiar with the scale and its operation having used it several times on the day in question as well as on prior days.

After driving onto the scale plaintiff got out of his truck and went around to the front of it. He stood on a brace and a bar running between the metal runners in order to examine the truck motor. While so standing on the beam between the metal runners, the plaintiff opened the hood of the truck, looked in, could see nothing wrong and shut the hood. It was just after this that the plaintiff fell straddling the beam he had been standing on. He got up, went into the weight shack by the scale, signed the weight ticket and then continued to drive the truck for the rest of the day. It later developed that plaintiff had sustained permanent injuries.

In seeking to reverse the judgment of the trial court defendant argues the court erred in denying its motion for directed verdict or for judgment notwithstanding the verdict because plaintiff was guilty of contributory negligence as a matter of law. Plaintiff also argues the court erred in its ruling on instructions and as a consequence of such error defendant should be awarded a new trial.

We shall first consider the assignment of error regarding instructions. Plaintiff tendered I.P.I.—Civil 120.06 which is as follows, "The owner of property owed the Plaintiff the duty to exercise ordinary care to keep the property reasonably safe for use by the Plaintiff". Defendant objected at the time the instruction was tendered but ruling thereon was reserved because the objection related to plaintiff's argument that alternative instruction I.P.I.—Civil 120.07 would be tendered by defendant and should be given instead of plaintiff's tendered instruction. Plaintiff did tender I.P.I.—Civil 120.07, modified in accord with suggested alternatives, the instruction being as follows, "McGrath Sand and Gravel Company owes Ora Mack Bozarth the duty to use ordinary care to see that the premises

are in a reasonably safe condition. That duty, however, is limited in two respects.

First it extends only to that portion of the premises which the person has either expressly or impliedly been invited to use or to that portion the owner might reasonably expect him to use in connection with the invitation. The second extends only to that manner of use which the owner might reasonably expect in connection with express or implied invitation. However, if Ora Mack Bozarth was on a portion of the premises for a purpose other than that for which he was invited, then Defendant did not owe him the duty of ordinary care but owed him the duty not willfully or wantonly to injure him".

On objecting to plaintiff's instruction I.P.I.—Civil 120.06 and in proposing defendant's instruction I.P.I.—Civil 120.07, defendant argued in the court below and again on this appeal that whether the plaintiff was an invitee under the circumstances disclosed by the evidence was a disputed question of fact. It is defendant's position that the effect of the court's ruling was to hold as a matter of law that the plaintiff was an invitee at the time and place and under the circumstances resulting in his injury.

In supporting a contrary position plaintiff argued in the trial court that I.P.I.—Civil 120.07 was beyond the issues raised by the pleadings or evidence and its interjection was a surprise to plaintiff.

Although the trial court did not express any reason for declining to give I.P.I.—Civil 120.07 as proposed by defendant, it is our conclusion that the court erred in refusing to give such instruction and such refusal constitutes reversible error.

■■ Generally speaking if there be a dispute concerning whether a person is on a portion of the premises within the terms of an express or implied invitation or is using said premises in accord with said invitation such questions are properly submitted to and resolved by the jury. (*Jones v. Granite City Steel*, 104 Ill.App.2d 379, 244 N.E.2d 427, *Packard v. Kennedy*, 4 Ill.App.2d 177, 124 N.E.2d 55, *Coken v. Peterson*, 340 Ill.App. 518, 92 N.E.2d 352 and *McGourty v. Chiappetti*, 38 Ill.App.2d 165, 186 N.E.2d 102.) It seems to be plaintiff's position that neither the pleadings nor the evidence raised such dispute but a cursory consideration of the evidence reveals that the propriety of plaintiff's presence on the scale and his manner of use thereof was the principal issue of the case. As is often the case the nature and extent of the duty owned by the owner of the premises as well as that of the person injured while on such premises is intimately related to and largely inseparable from the nature, extent and scope of the invitation extended by the former to the latter. Thus in this case the same evidence relating to the implied invitation to use the scale

is also rather directly related to the foreseeability of plaintiff's conduct and hence defendant's duty in regard thereto.

Plaintiff, in order to demonstrate the absence of any factual question, suggests that under the facts plaintiff had one foot on the ground where he was "invited to be" and one foot on the scale platform where he may not have been invited to be according to defendant's contention. Although it may be inferred from the facts that plaintiff had both feet on the scale prior to his injury nevertheless plaintiff's own version demonstrates that a question did arise from the evidence concerning whether plaintiff had an implied invitation to be on the scale or was using the scale in a manner contemplated by an invitation.

■■ From a review of the cases cited earlier in this opinion the nature and extent of the invitation is considered a separate issue apart from the relative duties of the parties even though the evidence regarding these issues may be substantially the same. (See *Avery v. Moews Seed Corn Co.,* 131 Ill.App.2d 842, (N.E.2d).) Where there is a dispute as in the case at bar, regarding both issues, the property owner is entitled to have the jury instructed on all issues and in view of the nature of the dispute involved in this case prejudicial error resulted from the failure to give the instruction.

■■ Defendant has also argued that plaintiff was guilty of contributory negligence as a matter of law and consequently the trial court should either have directed a verdict in defendant's favor or granted defendant's post trial motion for judgment notwithstanding the verdict. Although the evidence regarding this issue is largely undisputed it is our conclusion that conflicting inferences may be drawn from such evidence which viewed in their light most favorable to plaintiff are sufficient to justify an inference of his due care. Accordingly it is our conclusion that there are facts sufficient to warrant resolution by a jury and consequently we find no error in the trial court's refusal to decide the issue as a question of law.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded with directions that the defendant be awarded a new trial.

Reversed and remanded.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE ALLOY dissenting:

I do not agree that the failure to give I.P.I.—Civil No. 120.07 as tendered in this cause constituted reversible error. If the Instruction as tendered had simply contained the first two sentences of the last para-

graph and emphasized that the second limitation extended only to the "manner of use which the owner might reasonably expect in connection with the express or implied invitation", then the Instruction as tendered would have been proper. When there was added to such Instruction, however, the statement that if plaintiff Bozarth was on a portion of the premises "for a purpose other than that for which he was invited" the Instruction was improper under the evidence in the case. The record discloses that he was on the premises for a proper purpose and that the jury could determine whether his manner of use of that portion of the premises was one which the owner might reasonably expect in connection with the invitation.

I conclude, therefore, that the rejection of this tendered Instruction should not have constituted reversible error in this cause.