(No. 77-CC-1168– )

LYNN MULLEN, n/k/a Lynn Mullen Hurst, Claimant, v. BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed November 21, 1985.*

ZIMMERLY, GADAU, STOUT, SELIN & OTTO, for Claimant.

MOORE & ASSOCIATES, for Respondent.

POCH, J.

This is a claim for personal injuries brought by the Claimant against the Board of Trustees of the University of Illinois. The factual issues are not significantly disputed. There is no issue that the Claimant suffered severe personal injuries on July 4, 1976, about 10:15 p.m. at or near a sidewalk on the campus of the University of Illinois in Urbana, Illinois.

The facts are briefly summarized as follows: Lynn Mullen was 19 years old in July 1976. She was confined to a wheelchair due to a bone disease that she had suffered since childhood. Since age 7 the Claimant has been confined to a wheelchair and used a wheelchair as a method of transportation. In the summer of 1976 the Claimant was not then enrolled as a student at the University of Illinois. She had previously been a student at the university.

On July 4, 1976, the Claimant and her now husband Terry Hurst had gone to Memorial Stadium to see a fireworks display. Mr. Hurst was also confined to a wheelchair. They had pushed themselves to the stadium part of the way. About 10:00 p.m. the Claimant and Mr. Hurst left the stadium and pushed their respective wheelchairs towards their residence. They passed in

front of Smith Music Hall on the sidewalk which was concrete.

As they passed in front of Smith Music Hall, Mr. Hurst was slightly in front of the Claimant and to her left. As she passed in front of that building the wheels to her wheelchair went off the curb. This caused the Claimant to fall out of the wheelchair and to land on the street. She suffered a broken left arm and both of her legs were broken with multiple fractures.

Before the Claimant fell she said she had seen the concrete walk but did not see the drop-off or curbing. At the hearing before the commissioner the Claimant said the lighting was not very distinct. Prior to the hearing the Claimant had given a statement that the lighting was "bright" in front of Smith Music Hall. The Claimant said she never saw the curb. She had lived at a residence hall within four blocks when she was a student. Prior to attending the university, the Claimant had not received specialized wheelchair training other than attending an orientation lecture in reference to wheelchairs. She felt such specialized training was not necessary.

The Respondent presented evidence through the director of rehabilitation, Timothy Nugent, concerning the facilities for handicapped. This included an orientation program for incoming students, with emphasis being placed on the needs of each particular handicapped student. There was also a facility for care and modification of wheelchairs with recommendation made for the height of wheelchair foot platforms. Mr. Nugent was unaware of any other similar incidents in front of Smith Music Hall, which was about six years old. That building utilized night classes, including those taken by handicapped students.

The Claimant called the university traffic engineer, James H. Trail, in support of her claim. He is responsible for all traffic control devices on campus and supervises maintenance and upkeep of sidewalks, buildings, streets and curbs on campus. The sidewalk in front of Smith Music Hall is on university property. The highest elevation in front of Smith Hall between the service drive and the sidewalk was five inches. There were no signs posted to indicate a drop-off from the sidewalk to the service drive. There are no markings on any buildings indicating a drop-off on university sidewalks.

The Claimant's husband, Terry Hurst, testified that his wheelchair fell off the curb before the Claimant's. He called out to her. He was prevented from falling out of his chair because the chair foot platform stopped his fall. His wife's foot platforms were 3/4 of an inch higher due to her lack of height.

There was no dispute that the mercury vapor street lights were operational on July 4, 1976. The injuries sustained by the Claimant and the extent of her treatment, care and rehabilitation were not disputed, and based upon the decision of this Court herein it is not necessary to detail the medical evidence.

The Claimant alleges that the Respondent, University of Illinois, owed her a duty of care because it failed to make the area safe for pedestrians, including those who were handicapped. She claims the university did not warn of the drop between the sidewalk and service drive where she fell.

The Respondent asserts that there was no duty owed to Claimant because her accident and resulting injuries were not reasonably foreseeable. The Respondent also alleges that there was no proof offered to show

the university created a defect or dangerous condition and lastly that the negligence of the Claimant was the sole proximate cause of her injuries.

It is well settled that the owner of any premises, where invitees may enter, must keep such premises in a reasonably safe condition. This duty extends to an owner to provide a reasonably safe means of ingress and egress from the premises. (*Jones v. Granite City Steel Co.* (1969), 104 Ill. App. 2d 379, 244 N.E.2d 427, 429.) This duty does not make the Respondent an insurer against all types of accidents. Before the Claimant, as an invitee, is able to recover she must show that the premises were in a defective condition; that the defective condition was created by the university as landowner or that a defective condition was in existence for such a period of time as to know of it and to correct it and that the defective condition caused the injury. (*Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, 381 N.E.2d 709; Restatement, Second, of Torts, sec. 343.) There is no obligation to protect the invitee against dangers which are known, or which are so obvious and apparent that the invitee may reasonably be expected to discover them. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.

It is also well settled that in order to recover there be a duty to Claimant to protect her against an unreasonable risk of injury. There can be no recovery unless Claimant can prove the university breached a duty owed to her. The question of such a duty, if any, is a question of law to be determined by the Court because such a duty is based on a theory of fault. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.

The Claimant offered no evidence that showed the

design or the construction of the sidewalk was defective. The defect alleged is the existence of the curb itself without what Claimant perceives to be adequate warning of its existence. The testimony of Mr. James Trail showed that neither the university nor the cities of Champaign and Urbana post markings at wheelchair curbs and ramps. The Claimant therefore could not have reasonably anticipated that the curb from which she fell would be marked.

In *Sepsey v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 867, 423 N.E.2d 942, the Court held that a visitor is responsible to see any open and obvious area and thus is expected to discover them. Thus the landowner is not required to give precautions or warnings where such dangers are evident in order to exercise the duty of reasonable care towards invitees.

In the instant case, even if the drop from the curb to the drive was characterized as a danger, it would be of such an obvious nature that no warning by the university would be necessary.

In *Storen v. City of Chicago* (1940), 373 Ill. 530, the Court stated that a municipal corporation is not bound to keep its streets and sidewalks absolutely safe for persons passing over any part of them; rather its duty is to exercise ordinary care to keep them reasonably safe for persons who exercise ordinary care.

The university has exercised the necessary degree of care. The testimony shows that the mercury vapor street lights at the scene of the accident were working on the night in question. Claimant stated in a deposition that on the night of the accident the area in question was "light."

In this case the curb and sidewalk were not

defective. The surface of both the sidewalk and service drive were smooth and flat. The lighting was adequate. Photographs introduced into evidence support this finding. There were no defects or obstructions on the sidewalk or service drive. The existence of curbs on sidewalks is common knowledge to all and should have been known to Claimant. The presence or absence of a curb is not a defect in and of itself. (*Storen v. City of Chicago, supra.*) There was no evidence offered or claimed that there was a design defect in the sidewalk area. There were no cracks or obstructions on the sidewalk. See also, *McKinley v. City of Chicago* (1939), 299 Ill. App. 58.

From an analysis of all the evidence, we conclude that the university had no duty to warn the Claimant of the presence of a curb. There is no proof that the curb area was an unreasonable risk of harm to Claimant. There is no evidence presented to cause the Respondent to anticipate all possible accidents. The Respondent exercised reasonable care under the facts of this case. The fact that the Claimant was unfamiliar with the exact area is not persuasive. She was travelling at a normal pace when she fell. While her injuries were unfortunate, the law does not impose the duty of being an insurer upon the Respondent.

Because there was no breach of any duty to the Claimant, it is unnecessary to discuss whether or not she was contributorily negligent. In the absence of any negligence by the Respondent, the Claimant is barred from any recovery.

The claim of Lynn Mullen, now known as Lynn Mullen Hurst, is hereby denied.