GEORGE PAUCKNER, Appellee, *vs.* J. WALLACE WAKEM *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. NEGLIGENCE—*owner of premises owes duty of ordinary care to one entering by invitation.* The owner of premises who expressly or impliedly invites another person to enter the premises for the transaction of business in which both are interested, owes to such person the duty to exercise ordinary care for his safety while upon such premises.

2. SAME—*warehouseman owes duty to customer going to his warehouse for goods.* A proprietor of a warehouse owes to a customer whose goods are stored therein the duty of exercising reasonable care for his safety while he is upon the premises for the purpose of removing his goods; and such duty extends also to a servant sent by the customer to get the goods.

3. SAME—*when place of injury in building is covered by the owner's invitation.* The invitation of a warehouseman to enter the warehouse to remove goods is broad enough to include all the

space occupied by the goods, together with the necessary passways in and out of the warehouse, and covers a passway in front of an unguarded elevator shaft near the goods, even though a person familiar with the premises might get to the goods through another passway and thereby avoid passing the elevator shaft.

4. SAME—*what does not relieve owner of building from liability.* The fact that a servant who had come to a warehouse to remove his employer's goods was, at the time of his falling into an unguarded elevator shaft near the storage place of the goods, starting to find a toilet room, does not excuse the owner of the building from liability upon the ground that the injured person was not, at the time, engaged in the business of his employer.

5. TRIAL—*when question of contributory negligence is for the jury.* Whether a person unfamiliar with the warehouse which he has entered on business was negligent in attempting to go through a passway if the light was not sufficient to disclose its condition, or in not using his eyes to avoid danger if the light was sufficient, is a question of fact for the jury under the evidence in the case.

6. INSTRUCTIONS—*when modification of instruction is improper.* Modification of an instruction stating, in effect, that if the negligence of both plaintiff and defendant contributed to the injury the verdict should be for the defendant, by adding the words, "provided you believe, from the evidence, plaintiff was guilty of want of ordinary care," is improper, as purporting to make a distinction between negligence and want of ordinary care; but the error will not necessarily work a reversal of the judgment.

7. SAME—*when a party cannot complain of modification of instruction.* An instruction offered by the defendant which singles out one fact in the case and requires the jury to find for the defendant if they believe, from the evidence, that such fact exists, is improper, and the defendant cannot complain that the court modified the instruction by adding the requirement that the jury find the plaintiff was guilty of want of ordinary care.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

On May 31, 1902, appellants were co-partners carrying on a general warehouse business in the city of Chicago. On said day the Chicago Tribune Company had certain pieces

of machinery stored in the appellants' warehouse, and sent appellee and another of their employees to the warehouse to secure the particular pieces of machinery required. The machinery was enclosed in boxes, and when appellee reached appellants' warehouse, he, in company with his foreman, whose name was Carpenter, went to appellants' office to inquire where the goods were. The man in charge of the office conducted them down an east and west aisle that intersected an aisle which extended north and south. They turned north down the latter aisle and proceeded a short distance toward the door, when the man from the office said, with a motion of his arm or hand, "Here is your goods." Appellee and Carpenter secured the box they desired and removed it to a near-by door, which was in the north entrance of the north and south aisle. At this point appellee, desiring to attend to a call of nature, asked permission of Carpenter to leave the work and attend to his needs. This was granted, and appellee turned south on the aisle or passway, which was a narrow, irregular way left between piles of goods, coffee bags, etc. Appellee was unacquainted with the room. He saw a man with a lantern in the passway and started toward the south to go to him to inquire where the urinal was located. In passing down south along the north and south aisle he fell into an unprotected elevator shaft and was severely injured. The accident happened about the middle of the forenoon. The interior of the building was but dimly lighted by small incandescent bulbs hanging here and there, some of which were lighted and some were not. The light around the elevator shaft was very dim and the entrance to it was unguarded.

A judgment for $5000 in favor of appellee has been affirmed by the Appellate Court for the First District, and appellants have prosecuted a further appeal to this court. The errors assigned here question the rulings of the court in refusing to direct a verdict and in giving, refusing and modifying instructions.

HORTON, BROWN & MILLER, for appellants.

CHARLES M. FOELL, and EARL J. WALKER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

If appellee was a mere licensee and went upon appellants' premises for purposes of his own and not for any purpose connected with the business of appellants he cannot recover without proof that appellants knowingly and willfully injured him. The owner of premises owes no duty to exercise ordinary care to keep his premises in a reasonably safe condition to persons who may be upon such premises as mere licensees. (3 Elliott on Railroads, sec. 1250; *Gibson* v. *Leonard,* 143 Ill. 182; *Illinois Central Railroad Co.* v. *Hopkins,* 200 id. 122.) If, as appellants contend, appellee was a mere licensee at the time of his injury he is not entitled to recover, and the court erred in overruling appellants' motion to direct a verdict. On the contrary, if appellee was on the premises at the time and place of the accident by the invitation, either express or implied, of appellants, they owed him the duty to exercise ordinary care for his safety while upon said premises.

In a strict and legal sense there is a well defined distinction between a mere licensee and one who comes upon the premises of another by invitation, express or implied. In a general sense, one upon the premises of another by invitation is a licensee, and if sued for a trespass his defense would be "leave and license" of the owner; but in a strict and somewhat technical sense, to come upon premises under an implied invitation means more than a mere license,—means that the visitor is there for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on. (*Plummer* v. *Dill,* 156 Mass. 426; 31 N. E. Rep. 128; *Illinois Central Railroad Co.* v. *Hopkins, supra.*) It will be found that the distinction between

a visitor who is a mere licensee and one who is on the premises by invitation turns on the nature of the business that brings him there, rather than on the words or acts of the owner which precede his coming. Permission involves leave and license but it gives no right. If one avail himself of permission to cross another's land, he does so by virtue of the license and not of right. The permission of license is a justification for his entry, and while he is not technically a trespasser, yet the duty of the owner to guard him against injury is governed by the rules applicable to trespassers. (*Watts* v. *Jensen,* 46 L. R. A. 58, and cases cited in note.) One who enters a mine or factory by the permission of the owner, merely to inspect the premises and the work there being carried on, for purposes of his own and not with a view of transacting any business with the owner, is a mere licensee, and the owner owes him no higher duty to protect him from injury while on the premises than he would if he were a trespasser. The duty to one who comes thereon by the owner's invitation to transact business in which the parties are mutually interested is to exercise reasonable care for his safety while on that portion of the premises required for the purpose of his visit. Under such circumstances the party is said to be on the premises by implied invitation of the owner. *Kennedy* v. *Chase,* 119 Cal. 637.

Keeping in mind the distinction above pointed out, a brief reference to the evidence in the case at bar will show that appellants' contention that appellee was a mere licensee in the warehouse at the time of the accident cannot be sustained. Appellants had the goods of the Chicago Tribune Company stored in the warehouse. It must have been within the contemplation of appellants when these goods were received into their warehouse, that sooner or later a delivery of them would have to be made to the owner of the goods. The delivery of the goods by appellants and the receipt thereof by the Chicago Tribune Company was a mat-

ter of business which was of mutual interest to the parties. The duty of appellants to the servant of their customer was the same as to the customer himself. When appellee and Carpenter went to appellants' warehouse for the purpose of removing the goods of the Chicago Tribune Company, the appellants owed these servants the same duty that would have been due to the president or general manager of the Chicago Tribune Company had he called in person for the goods. Appellee's presence on the premises and the object of his visit were made known to appellants before the accident, and in this respect this case is distinguishable from *Murray v. McLean*, 57 Ill. 380. There the owners of the premises on which the party was injured knew nothing of his presence on the premises until after he was hurt, and this fact in a measure excused the owners from giving warning or taking other precautions to protect the party from injury. In our opinion appellee was lawfully upon the premises of appellants by their implied invitation, and appellants owed him the duty to exercise reasonable care for his safety while thereon.

The appellants further insist that if appellee was in the warehouse by an implied invitation, still the invitation can not be held to extend to the place where the injury occurred. We cannot assent to this view. The evidence shows that the goods of the Chicago Tribune Company were stored on the east side of the passway, down to and beyond the elevator shaft into which appellee fell. The invitation to go there for the goods must be held broad enough to include all the space occupied by the goods, together with necessary passways in and out of the warehouse. The unguarded elevator shaft into which appellee fell was located immediately in the open space or passway through which one would necessarily have to pass in order to get to the goods stored immediately east and south of the elevator. It is true that a narrow passway was left open between the goods and the west wall of the elevator shaft, and a person familiar with

the premises, in going south in the passway, could turn to the right and pass through this narrow passway and thus get south of the elevator shaft and avoid it. But appellee did not know of this passway and the light around the elevator shaft was not sufficient for him to see the situation, and, assuming that the passway was unobstructed in front of him, he walked into the open elevator shaft and was injured.

It is said that appellee was not at the exact moment of his injury engaged in the business of his employer, and that the invitation cannot be invoked to protect him while walking down the passway for private purposes of his own. We have already shown that the place where appellee was injured was one necessarily covered by the invitation, and we do not think that a distinction can be drawn as to the duty due from appellants to appellee based on the fact that at the exact moment of the injury appellee was not engaged in the business of his employer. It is not a case where a master is being sued by a third party for the wrongful act of his servant, where it becomes important to determine with exactness whether the servant was engaged in the line of his duty at the time the injury was inflicted. Here the invitation to appellee was to go into the warehouse to get such goods belonging to his employer as were wanted, and for this purpose the invitation must be held broad enough to give appellee the protection of the law while lawfully upon that portion of the premises reasonably embraced within the object of his visit.

It is also urged by appellants that the trial court should have directed a verdict because appellee was guilty of contributory negligence. Appellants' argument upon this point is, that if the light was sufficient in the passway to enable appellee to see the elevator shaft he should have used his eyes and avoided the danger. If it was too dark for him to see, they say he should not have gone along a dark and unknown passway without a light. We are of the opinion

that under the evidence it was a proper question for the jury to determine whether appellee was guilty of contributory negligence. There was therefore no error in refusing to direct a verdict for appellants.

It is next contended by appellants that the court erred in modifying instruction No. 3. That instruction as asked was as follows:

"You are instructed that if you believe, from the evidence, that the plaintiff and the defendants were both negligent and that the negligence of both contributed directly to cause the injury to plaintiff, then the plaintiff cannot recover, and you should find the defendants not guilty."

The court modified this instruction by adding at the end of the instruction the words, "provided you believe, from the evidence, plaintiff was guilty of a want of ordinary care." It is insisted that the modification of this instruction told the jury that there was a distinction between "negligence" and "want of ordinary care," and that the plaintiff could recover if appellants were negligent at all, even though the plaintiff himself was negligent, unless the plaintiff was guilty of something more than negligence,— that is, "guilty of a want of ordinary care." We do not think the modification of the instruction was proper or necessary, but we do not see that it was liable to mislead the jury. We do not wish to be understood as approving the instruction in the form in which it was given to the jury, and while we do not approve it we do not think that the modification should work a reversal of this judgment.

It is also insisted by appellants that the court erred in modifying instruction No. 6. That instruction as asked was as follows:

"You are instructed that if you believe, from the evidence, that the first floor of the warehouse of the defendants, or that portion thereof surrounding the elevator shaft through such first floor, was so light that the plaintiff could, by the exercise of ordinary care, have seen the elevator shaft

or the opening into the same, then you are instructed that the plaintiff cannot recover, and you must find the defendants not guilty."

The court modified the above instruction by adding after the word "same" and before the word "then" the words, "if you believe, from the evidence, plaintiff failed to exercise ordinary care." It will be noted that the instruction as originally asked singled out certain facts, and told the jury, in effect, that if such facts existed appellee was guilty of contributory negligence and could not recover. This form of instruction has often been condemned by this court. The effect of the instruction was to tell the jury that if it was light enough for appellee to see, nothing would excuse him from looking, and that he could not recover. We think the modification of the instruction by the court was proper, and that appellants have no just cause of complaint at the action of the court in modifying the same.

Finally, it is insisted by appellants that the court erred in refusing instructions 7, 8, 9 and 10. Instructions 7, 8 and 9 were each open to the objection pointed out to instruction No. 6 in its original form,—that is, each of these instructions singled out a state of facts and asked the court to instruct the jury, in effect, that such facts constituted such contributory negligence as precluded the right of recovery. These instructions were properly refused. So far as instruction No. 10 is concerned, all that was proper of it to go to the jury was embodied in instruction No. 3 given on behalf of appellants.

There being no reversible error in this record the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*