## Burdella D. Deach, Appellant, v. Woolner Distilling Company, Appellee.

### Gen. No. 5,852.

1. NEGLIGENCE, § 24*—*duty of owner of premises to invitees.* Where one is upon the premises of another by the invitation, express or implied, of the owner, such owner owes the visitor a duty to exercise ordinary care to keep the premises in reasonably safe condition, but this rule is not applicable to a visitor on the premises by implied invitation unless he is there for a purpose connected with the business in which the owner is engaged or which he permits to be carried on at that place.

2. NEGLIGENCE, § 24*—*duty of owner of premises to licensees.* The owner owes no duty to one who is upon his premises as a mere licensee, and such mere licensee, if injured while upon the premises, cannot recover damages from the owner without proof that the owner knowingly and wilfully injured him.

3. NEGLIGENCE, § 204*—*when direction of verdict improper.* Where a teacher and a number of students obtained permission to call and visit a distillery and upon calling at the office of the distillery were placed in charge of a guide, and while the party was standing on a platform inspecting the plant the platform gave way and a member of the party was injured, *held* in an action against the distillery company for the injuries alleging that the party was upon the platform at the express invitation of a guide, that plaintiff's evidence was sufficient to require a submission to the jury of the questions whether the action and conduct of the guide was binding on the defendant and whether it made

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Deach v. Woolner Distilling Co., 187 Ill. App. 524.

the party express invitees, and whether the plaintiff exercised due care, and that the court erred in directing a verdict for defendant.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914. Rehearing denied May 21, 1914.

KIRK & SHURTLEFF, for appellant.

WEIL & BARTLEY, QUINN, QUINN & McGRATH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

W. F. Raymond, a teacher in the Bradley Polytechnic Institute at Peoria, applied to Samuel Woolner, Junior, president of the Woolner Distilling Company, for permission for himself and some of the students of the Institute to visit the distillery operated by said Company at Peoria, and obtained such permission, and afterwards advised said president that said students desired to make said visit on Saturday, April 13, 1912, and the president told him they could come at that time. Raymond went at the time appointed with about fifty students, about two-fifths of whom were young men and the rest young women. Raymond went into the distillery office and saw the president and told him he had brought the students down to go through the distillery, and the president placed them in charge of a man who took them through certain portions of the distillery, and a chemist in the employ of the distillery company then went with the party. While they were upon a certain platform, inspecting the upper surface of certain vats, the floor gave way beneath the party and many of them were precipitated to the cement floor at least seventeen feet below. Burdella D. Deach, then twenty-three years old, one of said students, who was studying chemistry and preparing

to teach domestic science, was a member of said party.
She was very seriously injured, and she brought this
suit against the Woolner Distilling Company to re-
cover for said injuries. The declaration was very
lengthy and we think it enough to say of it that it is
sufficient to support a judgment, if the facts give her
a cause of action. At the first trial a juror was with-
drawn by agreement. At a second trial, at the close
of all the evidence, the court directed a verdict for de-
fendant. Such verdict was rendered, a motion for a
new trial was denied, and defendant had judgment and
plaintiff below appeals.

If one is upon the premises of another by the invita-
tion, express or implied, of the owner, such owner
owes the visitor a duty to exercise ordinary care to
keep the premises in a reasonably safe condition. The
owner owes no such duty to one who is upon the prem-
ises as a mere licensee, and such mere licensee, if in-
jured while upon said premises, cannot recover dam-
ages from the owner without proof that the owner
knowingly and wilfully injured him. *Gibson v. Leo-
nard*, 143 Ill. 182; *Pauckner v. Wakem*, 231 Ill. 276;
*Purtell v. Philadelphia & I. Coal & Iron Co.*, 256 Ill.
110. The implied invitation referred to in the fore-
going rule is where the visitor is there for a purpose
connected with the business in which the owner of the
premises is engaged or which he permits to be carried
on at that place. *Illinois Cent. R. Co. v. Hopkins*, 200
Ill. 122; *Pauckner v. Wakem, supra; Purtell v. Phila-
delphia & I. Coal & Iron Co., supra.* This qualifica-
tion that, to make the owner liable to one who is pres-
ent only by an implied invitation, there must be some
mutuality of interest in the subject to which the own-
er's business relates, has apparently been omitted
from the statement of the rule in *Calvert v. Spring-
field Elec. Light & Power Co.*, 231 Ill. 290; *Devaney
v. Otis Elevator Co.*, 251 Ill. 28; *McDermott v. Burke*,
256 Ill. 401; *Indiana B. & W. Ry. Co. v. Barnhart*, 115

Ind. 399; and 2 Cooley on Torts (3rd Ed.) 1259; upon which authorities appellant relies; yet that qualification is expressly approved in the very recent case of *Cunningham v. Toledo, St. L. & W. R. Co.*, 260 Ill. 589, and for the purpose of this opinion we shall treat it as the law of this State. If the rule is treated as so qualified, then it is not sufficient that the party was upon the platform by an implied invitation of appellee or its officers or servants. But the declaration avers that the party was upon said platform by the express invitation of the chemist, and that the chemist was an employee of appellee authorized by appellee to guide and conduct the party through that part of the premises. Appellant introduced proof tending to show that the chemist was a highly educated man, in the employ of appellee and in charge of the more important processes connected with the making of whisky, and that, in meeting and conducting the party, he was acting under instructions previously received by him; that he introduced himself to Raymond, and took the lead and charge of the party, and conducted them around to the place where they could see the various processes by which whisky is produced, and that he directed them to go up a certain stairway and out on the platform adjacent to and near the top of eighteen large vats, containing the liquor in various processes of fermentation, and that he called them to congregate about him so that they could see what he pointed out and hear his explanation, and that the young women of the party did gather around him to the number of twenty-five or thirty and the young men stayed back to give the young women an opportunity to hear the explanations and instructions given by the chemist, and that the chemist then directed them to start for another place and just as they were starting the floor gave way. The proof showed that the chemist had been working there for appellee for at least six years and was upon this platform daily and was familiar with

the situation, and that the president of appellee was there very frequently and was familiar with the construction of the platform. Neither Raymond nor appellant had ever been in said distillery before, nor had they ever seen said platform, nor did they have any knowledge as to how it was constructed and supported nor that the regular floor was far below the platform. No negligence can be attributed to either of them in going where the chemist directed them. We are of opinion that the question whether the conduct and language of the chemist was binding upon appellee and whether it made the party express invitees under the rules of law above stated, and created an obligation on the part of appellee to exercise due care for the safety of the party, and whether appellee did exercise such due care, were all questions of fact, upon which appellant had sufficient evidence in support of her position to require the submission of these questions to the jury. The evidence introduced by appellant shows the thickness of the boards and the distance apart of the supports upon which they rested. It tended to show that such boards, so supported, were not sufficient to sustain even one-half the weight then placed upon them, and that the boards had been there for eight years and had been washed in cold water, once each week, and that the boards were a slight distance apart so that the water might pass down through the interstices, and that the action of the water upon such boards in that way for that length of time was calculated to weaken and rot the material; and that there was much carbonic acid gas in the room, and that such gas was heavier than air, and that it passed over and between the boards, and was calculated to have a like effect upon them; and that the breaking of the boards at the time of the accident was a straight break and not a splintered break, and that this indicated that the material had become weakened or rotten. Appellee introduced evidence to contradict much of this proof

in relation to the floor and the break, and to show that appellee and its officers were justified in considering that platform, so supported, capable of sustaining a much greater weight than was upon it at this time. But, upon the motion to direct a verdict, the court could not weigh the evidence on these subjects and determine where the preponderance was. It is obvious that the platform was intended to be used only by a very few employees, and whether appellee or its servants did invite and place so large a party thereon, and whether this was negligence, were questions of fact which must in the first instance be submitted to the jury. The court should not have directed a verdict and should have granted a new trial.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*