Harold Hargis, Plaintiff-Appellee, v. Standard Oil Company of Indiana, Defendant-Appellant.

Term No. 56–F–11.

Fourth District.

May 8, 1956.

Released for publication June 4, 1956.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, for defendant-appellant.

Cox, Smith & Bassett, of Wood River, for plaintiff-appellee.

JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Harold Hargis, obtained judgment on a verdict of $3875 for injuries incurred while delivering oil products at the bulk plant of the defendant, Standard Oil Company of Indiana, in Centralia, Illinois.

On this appeal the defendant contends it was entitled to judgment as a matter of law, on the grounds that the plaintiff was guilty of contributory negligence, the defendant was not proved guilty of any negligence which proximately contributed to plaintiff's injury, and plaintiff had assumed the risk. In the alternative, it is contended a new trial should be ordered because the verdict is against the manifest weight of the evidence, it is excessive, it is the result of passion and prejudice, and the court gave erroneous instructions requested by plaintiff.

Plaintiff was employed by a company other than defendant, but his duties included delivery of oil products to defendant at night. He was supplied with a key to the enclosure and keys for the tank valves so that he could perform his duties in the absence of defendant's employees. It is undisputed that he was an invitee to whom the defendant owed a duty of due care. In serving the tanks, it was necessary for him to get up on a narrow catwalk, about 4 feet above ground, then to arrive at the tank to be filled.

Plaintiff had made such deliveries twice before the occasion of his injury. He testified that the first time he turned on a yard light, which he claims illuminated the catwalk and equipment. The second visit he found this light would not operate. Having some difficulties with the valves he called an agent of the company who came and also tried the light and found it would not work. About a week later on his third trip, the light still would not work, so he took from his truck a safety lantern to light his way. He proceeded along the catwalk to the last tank in the row, finished his task there and on the way back, his head bumped into a pipe above the walk, and he fell and was injured.

He said he did not run, but had walked fast, in a stooped position, to pass under the several pipes to the tanks. He had safely passed all but the last one, which he found afterward was 6 or 8 inches lower than the

121

others. Prior to this date, he had walked around the tanks once, but had not worked on that side of the tank, and as he walked on the narrow way, he kept his light pointed downward.

The defense contends these facts disclose contributory negligence as a matter of law, it being argued that he was aware of the "existence and position" of the pipe and "well knew the plant," and should have flashed his light on the pipes.

■ The issue of contributory negligence is preeminently one for the jury, and becomes a question of law only when the undisputed evidence is conclusive that the accident resulted from the negligence of the party injured, and could have been avoided by the use of reasonable precaution. Packard v. Kennedy, 4 Ill.App.2d 177, 182; Pauckner v. Wakem, 231 Ill. 276.

■ In our opinion, the fact that this was the first time he worked in that particular position, even though he had previously walked past it, bears on the question whether he well knew the plant and was aware of the position of this pipe, which he claims differed from the others. And the use of the light solely on the narrow catwalk to watch his precarious footing, instead of pointing it upward at some time, is simply a question whether he acted as an ordinary prudent man. We conclude it cannot be said that all reasonable minds must agree that his acts were negligent, and the question was properly submitted to the jury.

The defendant produced one witness, its local agent, who testified that the yard light was not intended to light up the tanks and equipment, but was to light the place where the trucker hooks onto the unloading pipe. He also denied that he had been called to the place on a previous night when the light was out. It is argued that, under the evidence, the light being out was not the proximate cause of the accident. This argument ignores the testimony of plaintiff that the light did illuminate the walk, and particularly so at the corner where he fell.

In view of the conflicting testimony there is clear support for the jury verdict which implies that the absence of the light was the proximate cause of the accident. Moreover, regardless of the intended purpose of this light, it was the duty of the defendant to use reasonable care for the safety of invitees on its premises. The cases previously cited, Packard v. Kennedy, 4 Ill.App.2d 177, and Pauckner v. Wakem, 231 Ill. 276, both hold that defendant's failure to provide adequate light on the premises leaves it a question for the jury whether the defendant had failed to use reasonable care, which was a proximate cause.

It is next urged that by proceeding to perform his duties with inadequate light, plaintiff assumed the risk. The doctrine of "assumed risk" grew up in master-servant cases, and has been considered by this court in Deckert v. Chicago & E. I. R. Co., 4 Ill.App.2d 483. It has been applied in other situations, sometimes as a substitute for another principle of law. Most of the cases cited by defendant, including Dressel v. Chicago City R. Co., 172 Ill. App. 568, are master-servant cases, the latter at page 575 specifically limits its holding to that situation.

Defendant also cites 38 Am. Jur. Negligence, Sec. 171 and 349. These and other sections illustrate the overlapping nature of the principle. Section 171 cites a number of cases in which the doctrine was used instead of some other recognized principle. Section 172 states "the doctrine of assumed risk is based upon voluntary exposure to danger." Under discussion of Contributory Negligence, Section 182 includes "one who voluntarily and unnecessarily assumes a position of danger . . . even the most prudent man is sometimes compelled to take risks . . . the taking of a risk is negligent only where the risk is greater than is reasonably necessary to meet the ordinary requirements of business . . . The fact that one who took a risk took it in the performance of duty is entitled to

123

great weight in determining whether his conduct was negligent" etc.

Plainly, the courts frequently treat the question of voluntary exposure to a visible risk as bearing upon the defense of contributory negligence. While we do not hold that the doctrine of assumed risk is limited to master-servant cases, we do hold that in the instant case it is merely a re-argument of the question whether plaintiff was guilty of contributory negligence; that the conduct of plaintiff in proceeding with his work by the aid of a hand lantern, knowing the yard light was out, was properly submitted to the jury as a question of due care; and that this is the usual and customary method of presenting that question in landlord-invitee cases in this state. Packard v. Kennedy, 4 Ill.App.2d 177; Pauckner v. Wakem, 231 Ill. 276; Murphy v. Illinois State Trust Co., 375 Ill. 310; Coken v. Peterson, 340 Ill. App. 518.

We conclude that the verdict is not against the manifest weight of the evidence and that the case was properly submitted to the jury.

Objection is made to two given instructions. The court instructed in the usual form, requiring that plaintiff be free from contributory negligence to recover, but made no mention of the doctrine of assumed risk. The principles stated above sufficiently answer this objection. The other questioned instruction pertained to the measure of damages.

██ This given instruction was the stock form, which contains a reference to future pain and suffering, if any. The defense contends there was no evidentiary basis for the inclusion of such an item. The plaintiff had testified that trouble with his eyes had ceased; but, he testified that he had recurrent headaches, which the medical testimony indicates is typical in concussion cases. Plaintiff also testified to the effect that the frequency of his headaches had diminished, and he had not had one for a week prior to the trial.

This testimony may properly be interpreted as indicating that he was on the road to recovery, but not fully cured. In this situation, the giving of the instruction was not reversible error.

██ As to the amount of the verdict: the plaintiff was hospitalized for several days, off work for 3 months, on reduced earnings for some time thereafter, and pain and suffering were disclosed by the evidence. While defendant calculates that plaintiff's special damages could not exceed $1871, and contends the balance is an excessive allowance for pain, we are of the opinion that the verdict of $3875 is within the reasonable scope of the evidence, is not excessive, and does not tend to establish a showing of passion and prejudice.

The several motions by defendant were properly denied by the trial court, and the judgment is affirmed.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.