CARROLL, CHAS., Chief Judge.
The appellee Barnett Cohen recovered a judgment against the appellant William Penn Hotel, based on a jury verdict for $5,000 for personal injuries which he sustained from falling plaster, while a guest in the hotel.
The two questions raised on this appeal may be summarized as follows: (1) whether there was evidence of permanent or continuing injuries, to support and justify a charge which included such items as elements of damage, and (2) whether it was prejudicial error to admit into evidence the City of Miami Beach building and zoning records relating to the hotel, and certain hospital and doctors’ bills.
On the first point the record reveals that two of the doctors who testified expressed opinions that the injury involved could be lasting, or permanent to some extent. The testimony of Dr. Tracy Haverfield contained the following:
“Q. Doctor, based upon your experience with a man of Mr. Cohen’s age, would it be your opinion that the cervical sprain would go away or it would remain, sir ?
“A. This was of a rather mild nature. It could very well have gone away. However, a man of his age invaribly has some arthritic changes in his neck, and sometimes it takes very little accident to make it a subjective complaint which persists.”
Testimony given by Dr.-J. W. Barrett included the following:
“Q. Doctor, you examined him eight or nine months after the accident, and at that time you still found him suffering. What opinion, if any, with reasonable medical certainty, could you then give the Court and jury as to the permanency of this cervical root irritation syndrome with occipital neuralgia ?”
(At this point an objection was made and overruled.)
*405 “A. Well, my opinion would be that he will have some degree of occipital neuralgia.
“Q. For the rest of his life?
“A. Probably so.”
The portion of the court’s charges which is involved was the following:
“If you should find from the evidence presented before you that the plaintiff has been permanently injured to any extent, then it will become your responsibility to determine what future damages, if any, he suffers as a result of such. In considering that, you may take into consideration his future pain and suffering, his future personal inconvenience and sickness, if any, and any future medical expenses which^he might reasonably expect to incur in an ■effort to effect a cure or alleviation for pain, suffering or sickness.
“In determining the amount, if any, that you determine you should award for future losses, if any, you must reduce such future losses to their present money value, and in determining such amount you may take into consideration the age and general health of the plaintiff herein.”
Our review of the evidence on this feature reveals that it was sufficient to support the challenged charge, by which the jury was instructed it could take into con•sideration the elements incident to any permanent or continuing injuries, if they ■should find such to be established by the evidence.
It was not the province or duty of the trial court to determine the weight or sufficiency of the evidence bearing on continuing or permanent injuries. The credibility of the testimony and weight of such evidence was a problem for the jury. Consideration and inclusion of such elements of damage by the jury was adequately conditioned on the jury finding them established by the evidence.
On the second point, dealing with the admission of certain building department records and hospital and doctors’ bills into evidence, it is found there is no assignment of error to support this point as to the hospital and the medical bills.
We have examined the record on appeal as it relates to the City of Miami Beach records in question. The objection made at the trial against admission of the records was that they were immaterial. The plaintiff had sought to prove the age of the building by a city building inspector. Defendant’s counsel objected, contending that the records of the building department would be the best evidence, and suggesting that they be tendered. Thereupon, the plaintiff produced and offered into evidence the records of the city building department, showing the date and the nature of the construction, alterations and repairs to the building, from 1924 to the date of the trial.
The trial judge admitted the item into evidence, but with the statement that he was unable at that stage of the proceedings to determine whether or not the matter contained was relevant and indicated that he would withdraw or strike it later in the trial if it should appear to be immaterial. The record shows no application to strike, or later ruling by the court on the matter. It was not shown or stated in the record, or in appellant’s brief, how the document, even if it be considered irrelevant, contained any matter which was harmful or could constitute prejudicial error.
We conclude that the appellant has failed to carry the burden of demonstrating error on the appeal.
Affirmed.
HORTON and PEARSON, JJ., concur.