IRA F. FISHER, Plaintiff-Appellant, *v.* MARION LANG, d/b/a LANG's GROCERY, Defendant-Appellee.

(No. 71-359;

Second District—February 7, 1973.

Horwitz, Anesi, Ozman & Assoc., Ltd., of Chicago, (Andrew J. Horwitz and Dario A. Garibaldi, of counsel,) for appellant.

Fearer & Nye, of Oregon, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

At the close of the plaintiff's case the trial court directed a verdict in favor of the defendant and held that the plaintiff was guilty of contributory negligence as a matter of law. The question before this court is whether or not under the facts herein the plaintiff was guilty of contributory negligence to the extent that it became a matter of law and not one of fact for the jury.

The plaintiff was a delivery man delivering cases of soft drinks and produce. The defendant was the owner-operator of a country store located at Creston, Illinois, which consisted of a grocery, meat department, and post office. On December 12, 1968, the plaintiff, together with David Done, a co-worker, drove to Lang's Grocery. While Mr. Done was getting the beverages off the truck Mr. Fisher entered the grocery store, took the elevator to the basement, went through the basement, and opened the

double doors to the outside. He and Mr. Done then started to take the cases of soft drinks down a wooden stairway leading to the basement. Mr. Done took four cases on a dolly down the stairway, and Mr. Fisher, the plaintiff, placed three to five cases on a dolly and proceeded down the stairway. The wooden stairway collapsed and Mr. Fisher was injured. The stairway in question was apparently not attached either at the top or bottom, but rested against the bottom doorjamb and the wall beneath the top double doorway leading to the outside. Plaintiff testified that the stairs "wobbled" and "they were a little shaky." It would appear that based upon this testimony the trial court decided that the plaintiff was guilty of contributory negligence. However, the plaintiff had used the stairs in his deliveries to the Lang store for several years, and for several months immediately prior to the accident he had used them to take the cases of soft drinks to the basement.

■■ The question of whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact for the jury. Plaintiff has cited *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504, and states that it is axiomatic that a defendant is not entitled to a directed verdict unless all of the evidence viewed in its aspects favorable to the plaintiff could never support a verdict in favor of the plaintiff. With this, we agree.

Numerous cases are cited by both the plaintiff and defendant dealing with this question. Any attempt on our part to differentiate factually the innumerable cases dealing with this question would serve no useful purpose. For a compilation of cases involving this issue, attention is directed to the annotation "Liability of Owner or Operator of Premises For Injury to Person Coming to Premises in Course of Delivery or Pickup of Merchandise or Similar Products" found in 32 A.L.R.3d 9.

■■ Under the facts in this case we feel that the action of the plaintiff in using the stairway for making deliveries was a question of fact for the jury to determine whether or not he acted as a reasonable and prudent man, and whether he was guilty of contributory negligence. *Hargis v. Standard Oil Co.* (1956), 10 Ill.App.2d 119, 134 N.E.2d 518.

■■ The defendant further contends that the plaintiff should have used the elevator which had a capacity of 500 lbs. as an alternate means of reaching the basement for delivery. The weight of the plaintiff together with the dolly and the three to five cases of soft drinks was between 418-495 lbs. Evidence was introduced that another delivery man was told to use the stairway and not the elevator. This, too, was a question for the jury to determine whether or not the plaintiff should have used or was allowed to use the elevator for the deliveries.

■■   We therefore find that the issue of contributory negligence on the part of the plaintiff was a question of fact for determination by the jury, and under the facts in this case the use of the stairway in question by the plaintiff did not constitute contributory negligence as a matter of law. We therefore reverse and remand.

Reversed and remanded.

SEIDENFELD and ABRAHAMSON, JJ., concur.