372 So.2d 971 (1979)
Alice CORBETT, As Mother and Natural Guardian of Elizabeth Dora Quevedo, a Minor, Appellant,
v.
DADE COUNTY BOARD OF PUBLIC INSTRUCTION, a Political Subdivision of the State of Florida, and Admiral Insurance Company, Appellees.
No. 78-1135.
District Court of Appeal of Florida, Third District.
June 26, 1979.
Rehearing Denied July 26, 1979.
*972 Mark J. Feldman, Miami, for appellant.
Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The minor plaintiff-appellant appeals from a jury verdict and judgment of $5,000 rendered in her favor. She contends that the trial judge erroneously refused to instruct the jury as to her right to recover for future damages. We hold that the evidence at the trial required the granting of such a charge and accordingly reverse the judgment under review.
The action below arose out of an incident which occurred while the plaintiff, "Dori" Quevado, was a fourteen-year-old enrolled in a "trainable mentally retarded" class at a public junior high school in Miami. On March 8, 1972, while visiting a rest room during the course of a physical education class being conducted at a public park, she was sexually assaulted by four young men. She successfully claimed at the trial that her teachers had been negligent in their *973 supervision of her, see Barrera v. Dade County School Board, 366 So.2d 531 (Fla.3d DCA 1979), and cases cited; the issue of the school board's liability was resolved by the jury and is not now before us.
On the issue of damages, which is before us, the records shows that Dori had been a virgin before the rape. A physician at the Rape Treatment Center testified that although "[i]t's difficult to assess in this girl because she is retarded," everyone who has been sexually assaulted suffers "some kind of psychic trauma ... and psychological problems." At the trial, which occurred in May, 1978, Dori herself was too embarrassed to give any details of the actual rape. Both her mother and her grandmother, however, testified that her personality and activities had been drastically altered by the incident. They each testified that Dori had changed from an active and outgoing person into a retiring and frightened one. As her mother stated, "she is not the same little girl I had."
At the conclusion of the trial, the court, over the plaintiff's specific objection, declined to instruct the jury as to her right to recover future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life. See Shaw v. Fletcher, 138 Fla. 103, 189 So. 678 (1939). The trial judge ruled that there was no evidence to support such a claim and specifically charged that the plaintiff's damages were limited to the period between the incident and the trial. We think that this ruling was erroneous. In our view, the evidence concerning the nature and probable consequences of the injuries initially suffered by the plaintiff,[1] together with the testimony that the effects of the incident continued to the date of the trial, would fully justify a jury conclusion that those effects would continue into the future. Since that is true, the court's instructions to the contrary were prejudicially mistaken.
The proper determination of the sufficiency of evidence to warrant an instruction on future damages of course varies considerably with the particular facts involved. See Annot., Future Pain  Sufficiency of Evidence, 18 A.L.R.3d 10 (1968). This case, however is governed by those decisions which hold that recovery is justified, even in the absence of expert testimony of the likelihood of future injury,
"... where the nature of the injury, its duration, and lack of recovery at the time of trial, make it clear that pain and suffering will continue for at least sometime into the future."
18 A.L.R.3d at 22.[2] Very closely on point is El Paso Electric R. Co. v. Kendall, 38 Tex. Civ.App. 221, 85 S.W. 61, 62 (1905):
"The only other assignment of error complains of the court's charging the jury that, `if they found for the plaintiff, they might take into consideration, in estimating his damages, the probable effect and duration of the injury, if any, to his mind in the future,' upon the ground that there was no evidence that his injuries were permanent. We think there was evidence warranting the charge. His mother testified: `He was a bright boy, and attended school regularly, and worked during vacation, and before and after school, prior to his injury. Now he seems dull, and does not understand or notice or pay any attention. He has never seemed like the *974 same boy since he was hurt. He very often complains of his head hurting him. Many and many times I have been up with him all night with his head. We have to give him medicine, and work with him, and bathe his head, and sometimes work with his head all night. I know boys are often careless, and don't give attention to what is said to them. I know that is more or less natural with children, but Solomon seemed changed after the accident; did not seem like the same boy.' From this the jury might have well concluded that this injured mental condition of plaintiff would probably continue and injuriously affect him."
See also, e.g., Loper v. Morrison, 23 Cal.2d 600, 145 P.2d 1 (1944); Hargis v. Standard Oil Co. of Indiana, 10 Ill. App.2d 119, 134 N.E.2d 518, 521 (1956); cases collected, at 18 A.L.R.3d 60-63. As the court stated in Carter v. McNally, 137 Kan. 313, 20 P.2d 491, 493 (1933):
"As there was nothing about this case to warrant a suspicion that it was a fake lawsuit, it could not be presumed that plaintiff would make an instantaneous recovery from her ailments the moment the jury retired to consider their verdict."
The defendant correctly points out that the evidence as to the changes in Dori's personality and activities, to which we have referred, was impeached by prior inconsistent statements of her mother on deposition, and contradicted by the testimony of other witnesses. But, as we held in William Penn Hotel v. Cohen, 101 So.2d 404, 405 (Fla.3d DCA 1958):
"It was not the province or duty of the trial court to determine the weight or sufficiency of the evidence bearing on continuing or permanent injuries. The credibility of the testimony and weight of such evidence was a problem for the jury."
The plaintiff was entitled to an instruction as to any claim legally supported by a view of the evidence, even though contradicted, which the trier of fact had a right to accept, see Menard v. O'Malley, 327 So.2d 905, 907 (Fla.3d DCA 1976). Since the jury could properly have concluded that Dori's alleged damages would not cease immediately upon the return of the verdict, the refusal to instruct on future damages was reversible error.[3] The judgment below is therefore *975 reversed and the cause remanded for a new trial on damages only.
Reversed and remanded.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would affirm the judgment appealed from in all respects.
The record in this case reveals that the plaintiff at no time requested the trial court to instruct the jury as to her right to recover future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life. The plaintiff submitted no written requested instruction to that effect, did not orally request a standard jury instruction on this subject, and did not otherwise indicate in substance that she wanted such a specific charge given to the jury. This court is, accordingly, precluded from determining on appeal whether such a jury instruction should have been given by the trial court as "[n]o party may assign as error ... the failure to give any charge unless he requested the same," Fla.R.Civ.P. 1.470(b), and the judgment below should be affirmed. Frankowitz v. Beck, 257 So.2d 918 (Fla. 3d DCA 1972).
It is true that the plaintiff orally requested a jury instruction on "permanency" which the trial court refused to give.[1] The use of this shorthand jargon, however, does not, in my view, constitute a specific request for the jury instruction which this court now reverses the trial court for failing to give. Such a request was far too vague and broadbased to know, except in the most general terms, what instruction the plaintiff wished read to the jury. It cannot therefore, constitute reversible error for the trial court to deny such a general request. Ellis v. Golconda Corp., 352 So.2d 1221, 1224 (Fla. 1st DCA 1977).
I find nothing in this record, contrary to the court's conclusion, that the trial court ever declined, over the plaintiff's objection, to give a jury instruction on the plaintiff's right to recover future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life. No such instruction was ever requested either orally or in writing by the plaintiff at the trial of this cause, and, the trial court never declined to give such a charge. Nor do I agree that the plaintiff was somehow excused from making such a request on the grounds of futility in view of the trial court's comments at the charge conference. All the trial court ruled at such conference was that it was "not going to give an instruction on permanent or continuing" which was nothing more than a repeat of its prior ruling denying the plaintiff's requested instruction on "permanency." The discussion surrounding this ruling was, in my view, far too vague and broadbased to obviate the legal necessity of a specific request by the plaintiff for the instruction the court says now should have been given. The fact remains that such an instruction was never requested by the plaintiff nor denied by the trial court.
*976 I am especially disinclined on the state of this deficient and, at best, dubious record to reverse the trial court for failing to give a jury instruction not requested below in view of the slender evidentiary reed upon which this court now predicates its reversal. The testimony of the plaintiff's mother and grandmother, as well as the rape center physician herein, was, in my view, far too generalized and vague for the jury to conclude that the plaintiff had sustained a permanent mental injury and to return a reasonable award of future damages for mental pain and suffering, embarrassment and humiliation, and the inability to lead a normal life, without engaging in rank speculation. None of these witnesses ventured an opinion as to how long the plaintiff's vaguely described mental injuries would last; indeed, no witness said there was even a possibility that such injuries were permanent. To the contrary, the unanimous testimony of every other witness in the case was that the plaintiff had sustained no permanent physical or mental injury from the tort incident herein. Under the circumstances, it is difficult to accept the court's conclusion that an evidentiary basis existed for the future damages instruction which the court now says should have been given. Indeed, to have given such a charge would have been reversible error in itself. Seaboard Airline Railroad Co. v. Ford, 92 So.2d 160, 163 (Fla. 1956); Stores v. Hussey, 100 So.2d 649 (Fla. 1st DCA 1958).
I am, therefore, unwilling to stretch, as the court does, the fundamental principles of appellate review in order to reverse the trial court for failing to give a jury instruction requested by no one when it is doubtful, to say the least, whether such an instruction was called for in any event. Neither the law nor the justice of the cause requires such a result, and, accordingly, I would affirm.
NOTES
[1] As to the effect of a forcible sexual assault upon a young woman, see Christensen v. Boucher, 237 Iowa 1170, 24 N.W.2d 782 (1946); cf. Danile v. Oak Park Arms Hotel, Inc., 55 Ill. App.2d 2, 203 N.E.2d 706 (1964).
[2] This court has twice held that lay testimony of the continuing effects of an injury is sufficient to justify an instruction on permanent damages. Gallub v. Del Vecchio, 301 So.2d 785 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 774 (Fla. 1975); Salvador v. Munoz, 193 So.2d 442 (Fla. 3d DCA 1966); cf. Sullivan v. Price, 368 So.2d 614 (Fla. 1st DCA 1979); Wages v. Snell, 360 So.2d 807 (Fla. 1st DCA 1978). These cases provide a fortiori authority for the granting of an instruction on future injuries in this case, which is all that the plaintiff now seeks and which requires a significantly lesser showing. Skultety v. Humphreys, 247 Or. 450, 431 P.2d 278 (1967); Leak v. U.S. Rubber Co., 9 Wash. App. 98, 511 P.2d 88 (1973); Harrison v. Weller, 423 S.W.2d 226, 229-230 (Mo. App. 1967).
[3] Although the appellees' appellate counsel does not present the contention, the dissenting opinion suggests that the issue was not properly preserved for appellate review. We respectfully think otherwise. The transcript of the charge conference contains the following:

"THE COURT: Yes, sir, I will give the substance of the permanent damage charge but not in that form. I will not put it in negative form. I'll put it in positive, in terms of explaining damages in the case.
MR. FELDMAN [plaintiff's counsel]: You Honor, are you going to fix a date in damages?
THE COURT: I'm going to say from the time of the alleged incident until today.
MR. FELDMAN: Until today, sir?
THE COURT: Yes, sir.
MR. FELDMAN: Again, we object and we state our objection.
THE COURT: That's what past damages are as I understand it.
MR. FELDMAN: Same objection.
THE COURT: I'm not going to give an instruction on permanent or continuing.
MR. FELDMAN: I don't want to belabor the point. It's been brought out that this girl has a boy friend. It's conceivable she may marry. Is the Court informing me that I am precluded and I cannot argue to the jury. In the event this girl does get married it is reasonable to assume if this did happen, once she gets in bed with her husband, she may have some problems.
THE COURT: I'm not going to allow it. You can argue this happened to her. It's obviously a major thing that happens in a woman's life, young girl's life. You heard about the testimony and you know how much it must have affected her. When I come to it, I don't want any conversation about the future and future suffering and all this other stuff.
You going to tell the jury it's to this date?
That's what past damages are. Future damages have to be supported by some evidence. This is in the opinion of someone, that she has sustained an injury that will more likely than not continue in the future and there hasn't been any testimony in this case. That's my ruling.
MR. FELDMAN: Yes, sir."
In fact, the court instructed the jury:
"In this case if the plaintiff proves that she was injured as a consequence of the negligence of the defendant she would be entitled to recover full damages from the date of the incident, if any, until today."
The purpose of preserving error below is to afford the trial court an opportunity to consider the issue in question. Otherwise, an ultimately unsuccessful litigant could present a mere appellate after thought so as to require a new trial which could have been prevented if the matter had been called to the attention of the trial judge.
It is obvious that no such thing occurred in this case. The trial judge specificially considered and rejected the plaintiff's claim that her damages continued into the future. The issue was plainly preserved by the objections of plaintiff's counsel to the court's proposed instruction to the contrary. Fla.R.Civ.P. 1.470 (b) (party may claim error in the giving of charge if "he objects thereto at such time ..."). In view of the trial judge's rulings, it would have been a totally useless, and therefore unnecessary, act for counsel to submit a formal affirmative request that the court give an instruction on future damages which he had already stated he would not give. See Brown v. State, 206 So.2d 377, 384 (Fla. 1968).
[1] A general discussion on this subject matter took place at the close of the plaintiff's case at trial when plaintiff's counsel argued that "I'm entitled to an instruction on the permanency." TR 430-31. The trial court denied this request. TR 436. At the charge conference, the trial court repeated its earlier ruling to which plaintiff's counsel objected. TR 500-501. I find nothing else in the record which purports to preserve for appellate review the jury instruction question herein.